Dismissed and Memorandum Opinion filed March 23, 2006









Dismissed and Memorandum Opinion filed March 23, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00916-CV

____________

 

MARY ANN DEMARS AND ROBERT
DEMARS, Appellants

 

V.

 

CHIA-SU CHOU, TEH-WEH
CHOU, NIEY-BOR HSYUNG, 

LAW OFFICES OF HSYUNG
& ASSOCIATES, CHARLES CHOU, 

AND ASSIST-2-SELL, Appellees

_________________________________________________________

 

On Appeal from the 280th
District Court

Harris County,
Texas

Trial Court Cause No.04-73200

_________________________________________________________

 

M E M O R A N D U M   O P I N I O N








This is an appeal from a judgment signed May 6, 2005.  The notice of appeal was filed on August 9,
2005.[1]  Our records show that to date appellants have
neither established indigence nor paid the $125.00 appellate filing fee.  See Tex.
R. App. P. 5 (requiring payment of fees in civil cases unless
indigent); Tex. R. App. P. 20.1 (listing
requirements for establishing indigence); see also Order
Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of
Appeals, Misc. Docket No. 98-9120 (Tex. Jul. 21, 1998) (listing fees in court
of appeals); Tex. Gov=t Code Ann. ' 51.207
(Vernon 2005) (same). 

Appellants were given the
requisite ten-days= notice
that this appeal was subject to dismissal, and appellants filed a response. 
See Tex. R. App. P.
42.3.  Appellants claimed they had filed
an affidavit of indigence.  Thus, this
court issued an order, directing the District Clerk to file the portions of the
clerk=s record necessary to review the
affidavit of indigence, any contest to the affidavit, and any order signed by
the trial court concerning indigence. 
The clerk=s record was filed on November 16, 2005.  The clerk=s record contains no affidavit of
indigence filed with or before the filing of the notice of appeal, as required
by Rule 20.1(c)(1).  See Tex. R. App. P. 20.1(c)(1).  Thus, appellants have not established
indigence.

Accordingly, the appeal is ordered dismissed.  See Tex.
R. App. P. 42.3(c) (allowing involuntary dismissal of case because appellant has failed to
comply with notice from clerk requiring response or other action within
specified time).  

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 23, 2006.

Panel consists of Justices
Anderson, Edelman, and Frost. 

 

 











[1]  Appellants
filed a motion to extend time to file the notice of appeal, which was granted
on December 15, 2005.